**EXHIBIT A**

Hearing Date: 7/3/2023 10:30 AM
Location: Court Room 2102
Judge: Atkins, David B.

FILED
3/3/2023 9:53 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02143
Calendar, 16
21711223

FILED DATE: 3/3/2023 9:53 AM 2023CH02143

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| TERRENCE COLEMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KRISPY KREME DOUGHNUT CORPORATION,<br><br>Defendant. | 2023CH02143 |

## CLASS ACTION COMPLAINT

Plaintiff, Terrence Coleman ("Plaintiff"), individually and on behalf of all others similarly situated (the "putative class members"), by and through his attorneys, Caffarelli & Associates Ltd. complains against Defendant Krispy Kreme Doughnut Corporation ("Defendant") as follows:

### NATURE OF ACTION

1. This is a class action under the Biometric Information Privacy Act, 740 ILCS 14/l, *et seq.* ("BIPA") on behalf of all persons in Illinois who had their fingerprints improperly collected, captured, received, or otherwise obtained by Defendant.

### PARTIES

2. Plaintiff Terrence Coleman ("Coleman") is an adult resident of Cook County, Illinois.

3. Coleman was employed by Defendant based out of its Homewood, Cook County, Illinois store starting on March 1, 2021. The last day Plaintiff performed work for Defendant was on or about July 9, 2022.

4. Defendant, Krispy Kreme Doughnut Corporation ("Krispy Kreme"), is a North Carolina corporation, registered to conduct business within the State of Illinois.

FILED DATE: 3/3/2023 9:53 AM 2023CH02143

5. Upon information and belief, at least 100 individuals performed work for Defendant in the State of Illinois throughout the past five years. Defendant collects biometric identifiers and biometric information from these individuals through its timekeeping system. Plaintiff and these individuals are referred to herein as the "putative BIPA Class" members.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant conducts business transactions in Illinois, has committed unlawful acts in Illinois, and is registered to conduct business in Illinois.

7. Additionally, this Court has jurisdiction over Plaintiff Coleman because he is a resident of the state of Illinois.

8. Defendant conducts business in Cook County, Illinois; therefore, venue is proper in Cook County pursuant to 735 ILCS 5/2-101 because part of the transactions giving rise to this Complaint occurred in Cook County.

## FACTUAL ALLEGATIONS

9. Coleman worked for Krispy Kreme as a Delivery Driver beginning on March 1, 2021. His last day worked was on or about July 9, 2022.

10. On Coleman's first day of work with Krispy Kreme, March 1, 2021, Defendant enrolled his fingerprint into Krispy Kreme's timeclocks.

11. After Mr. Coleman was enrolled in Defendant's timekeeping system, he was able to clock in and out of work by scanning his fingerprint on subsequent days without being re-enrolled.

12. Defendant's timekeeping system required Plaintiff, and all other members of the putative BIPA Class, to have his fingerprint and/ or biometric information collected and/or

FILED DATE: 3/3/2023 9:53 AM 2023CH02143

captured so that Defendant could store it and use it moving forward as an authentication method.

13. Once Plaintiff was enrolled, Defendant's time and attendance system stored and maintained possession of his fingerprints and/or biometric information in order to use it moving forward to identify Plaintiff by matching the scan of his fingerprints to his stored biometric information and record his entry and exit times.

14. Each time Defendant's time and attendance system scanned Plaintiff's finger, it compared his fingerprints to his stored biometric information in order to identify his and record her hours of work.

15. Upon information and belief, at all of Krispy Kreme's Illinois locations, their biometric systems practices, as described herein, were identical and used the same biometric timeclocks.

16. Defendant required Plaintiff and all its other workers to utilize this same timekeeping system to 'clock in' and 'clock out' of work.

17. Each day of work, Plaintiff, and the putative BIPA Class members, was each required to place his finger on a panel to be scanned in order to 'clock in' and 'clock out' of work for Defendant.

18. Defendant did not provide Plaintiff or, upon information and belief, any member of the putative BIPA Class, with written notice of the fact that they were capturing, collecting, using, and/or storing biometric information or identifiers prior to collecting, capturing, or otherwise obtaining their biometric information or identifiers.

19. Defendant did not obtain a written release from Plaintiff or, upon information and belief, any putative BIPA Class member before they collected, captured, or otherwise obtained those individuals' biometric information or identifiers.

3

FILED DATE: 3/3/2023 9:53 AM 2023CH02143

20. Defendant did not inform Plaintiff or, upon information and belief, any putative BIPA Class member of the specific purposes or length of time for which they collected, stored, or used his fingerprint and/or biometric information.

21. Despite being in possession of biometric identifiers and/or information, Defendant failed to maintain or publicize information about its biometric practices or policies; and failed to provide Plaintiff or, upon information and belief, any member of the putative BIPA Class, with information about their policies or practices.

22. Despite being in possession of biometric identifiers and/or information, Defendant did not inform Plaintiff or, upon information and belief, any putative BIPA Class member of any biometric data retention policy, nor has he ever been informed of whether Defendant has or will ever permanently delete his fingerprints and/or biometric information.

23. Plaintiff was not provided with nor ever signed a written release allowing the Defendant to collect, capture, or otherwise obtain his fingerprints and/or biometric information.

24. Upon information and belief, Defendant never obtained signed written releases allowing Krispy Kreme to collect, capture, or otherwise obtain their fingerprints and/or biometric information from any putative BIPA Class member.

25. Upon information and belief, Plaintiff's experiences as described above are typical and representative of the experiences of the putative BIPA Class.

## CLASS ALLEGATIONS

26. Upon information and belief, the practices, policies, and consequences pertinent to the Defendant's biometric systems as described above applied to each Class member.

FILED DATE: 3/3/2023 9:53 AM 2023CH02143

27. Upon information and belief, at least 100 individuals in Illinois were subjected to the Defendant's biometric timekeeping system, who are similarly situated persons and potential Class members.

28. **Class Definition:** Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of herself and a BIPA Class of similarly situated individuals, defined as follows:

> **All individuals who had their fingerprints and/or biometric information collected, captured, otherwise obtained, possessed, used, or stored by Krispy Kreme in the State of Illinois within the past five years.**

29. **Numerosity:** The exact number of Class members is unknown to Plaintiff at this time, but upon observation, information and belief, it is at least 100 individuals, making individual joinder impracticable. Defendant has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from at least 100 people who fall into the definition of the Class. Ultimately, the Class members will be easily identified through Defendant's records.

30. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a. whether Defendant collected, captured, or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

    b. whether Defendant properly informed Plaintiff and the Class of its purposes for collecting, using, and/or storing their biometric identifiers or biometric information;

    c. whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

    d. whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying

FILED DATE: 3/3/2023 9:53 AM 2023CH02143

biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

e. whether Defendant complies with any such written policy (if one exists);

f. whether Defendant used Plaintiff's and the Class's fingerprints and/or biometric information to identify them; and

g. whether Defendant violations of the BIPA were committed negligently or recklessly.

31. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff is an adequate representative of the Class because all potential plaintiffs were subject to Defendant's uniform policies and practices. Plaintiff and his counsel are committed to vigorously prosecuting his action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

32. **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant' misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies

FILED DATE: 3/3/2023 9:53 AM 2023CH02143

presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## COUNT I – BIOMETRIC INFORMATION PRIVACY ACT
### (Class Action)

33. Plaintiff restates and incorporates the foregoing allegations as though fully set forth herein.

34. BIPA is an informed consent statute that achieves its goal of protecting individuals' privacy rights by making it unlawful for a company to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information," unless *it first*:

   (1) informs the subject in writing that a biometric identifier or biometric information is being collected or stored;

   (2) informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

   (3) receives a written release executed by the subject of the biometric identifier or biometric information.

740 ILCS 14/15(b).

35. In the employment context, a "written release" means "a release executed by an employee as a condition of employment." 740 ILCS 14/10.

36. Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an

7

FILED DATE: 3/3/2023 9:53 AM 2023CH02143

individual. *See id.*

37. BIPA also established standards for how companies must handle individuals' biometric identifiers and biometric information, as follows: "[a] private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 740 ILCS 14/15(a).

38. Ultimately, BIPA is simply an informed consent statute, which mandates that entities wishing to collect, store, and/or use biometric information must put in place certain reasonable safeguards to protect individuals' privacy. *See* 740 ILCS 14/15.

39. BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless [the entity] first: (1) informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored , and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information." 740 ILCS 14/15(b).

40. BIPA also mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention (and – importantly – deletion) policy. Specifically,

those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (e.g. when the employment relationship ends); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/ 1 5(a).

41. Defendant failed to comply with BIPA mandates, thus committing at least four distinct violations of BIPA with respect to Plaintiff and each putative BIPA Class member.

42. Defendant qualifies as a "private entity" under the BIPA. *See* 740 ILCS 14/10.

43. Plaintiff and the BIPA Class members are individuals who had their "biometric identifiers" (in the form of their fingerprints) captured and collected by Defendant by way of Defendant's biometric scanners, i.e. timeclocks. *See* 740 ILCS 14/10.

44. Plaintiff's and the BIPA Class's biometric identifiers were used to identify them, and therefore constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

45. Defendant violated 740 ILCS 14/15(a) by failing to publicly provide a retention schedule or guideline for permanently destroying Plaintiff and the Class' biometric identifiers and biometric information that Krispy Kreme possessed.

46. Defendant violated 740 ILCS 14/15(b)(l) by failing to inform Plaintiff and the BIPA Class in writing that their biometric identifiers and/or biometric information were being collected and stored.

47. Defendant violated 740 ILCS 14/15(b)(2) by failing to inform Plaintiff and the BIPA Class in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information was being collected, stored, and/or used.

48. Defendant violated 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiff and the BIPA Class before it collected, used, and/or stored their biometric identifiers and

9

Case 1:23-cv-01103   Document 1-1   Filed 12/18/23   Page 10 of 12

biometric information.

49. For each of the violations identified above, Plaintiff and the members of the putative BIPA Class are entitled to recover anywhere from $1,000 in statutory damages per negligent violation to $5,000 for a reckless or intentional violation.

50. Therefore, Defendant violated Plaintiff's and the Class's rights to privacy in and control of their biometric identifiers and biometric information, and committed actionable statutory violations of BIPA. 740 ILCS 14/1, *et seq.*; *Rosenbach v. Six Flags Entertainment Corp.*, No. 123186, 2019 WL 323902 (Ill. Jan. 25, 2019).

WHEREFORE, Plaintiff Terrence Coleman, individually and on behalf of other similarly situated individuals, respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Krispy Kreme and grant him the following relief:

a) Certifying this case as a class action on behalf of the BIPA Class defined above, appointing Plaintiff as representative of the BIPA Class, and appointing him counsel as Class Counsel;

b) Awarding injunctive and other equitable relief as is necessary to protect the interests of the BIPA Class, including an Order requiring Defendant to capture, collect, store, and use biometric identifiers or biometric information in compliance with the BIPA;

c) Awarding statutory damages to each person whose rights were violated under BIPA, pursuant to 740 ILCS 14/20;

d) Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees and costs;

e) Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

f) Any further relief that is deemed just and equitable.

FILED DATE: 3/3/2023 9:53 AM 2023CH02143

| | |
|---|---|
| Dated: March 3, 2023 | Respectfully submitted,<br>TERRENCE COLEMAN, individually and on behalf of all others similarly situated, |
| Alexis D. Martin<br>Francisco Fernandez del Castillo<br>Caffarelli & Associates Ltd.<br>224 S. Michigan Ave., Ste. 300<br>Chicago, Illinois 60604<br>Tel. (312) 763-6880<br>Firm ID 58616<br>*amartin@caffarelli.com*<br>*ffernandez@caffarelli.com* | By: /s/ Alexis D. Martin<br>One of Plaintiff's Attorneys |

11